09-1990-ag
Diallo v. Holder

BIA
Nelson, IJ
A098 635 172

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30ᵗʰ day of March, two thousand ten.

PRESENT:
        Ralph K. Winter,
        José A. Cabranes,
        Reena Raggi,
          *Circuit Judges*.

_____

THIERNO DIALLO,
       *Petitioner*,

      v.                       09-1990-ag
                                 NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
       *Respondent*.

_____

FOR PETITIONER:      Thierno Diallo, *pro se*, Brooklyn, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General; Emily Anne Radford, Assistant Director; Jesse D. Lorenz, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

The Petitioner, Thierno Diallo, a native and citizen of Guinea, seeks review of an April 13, 2009, order of the BIA affirming the August 20, 2007, decision of Immigration Judge ("IJ") Barbara A. Nelson pretermitting his application for asylum, and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Diallo*, No. A098 635 172 (B.I.A. Apr. 13, 2009), *aff'g* No. A098 635 172 (Immig. Ct. N.Y. City Aug. 20, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *Corovic v.*

*Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Following Diallo's merits hearing, the IJ pretermitted his untimely application for asylum and found him not credible with respect to his withholding of removal and CAT claims. Diallo did not challenge these findings with any specificity on appeal to the BIA, a fact the BIA noted in its decision. In his brief before this Court, Diallo for the first time challenges the IJ's pretermission of his untimely asylum application and several of the bases for the IJ's adverse credibility determination. We deem these arguments unexhausted and will not consider them.[1] *See* 8 U.S.C. § 1252(d)(1); *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 (2d Cir. 2007). Although we may properly consider arguments not raised before the BIA if the BIA nonetheless addressed them, *see Xian Tuan Ye v. DHS*, 446

---

[1] We lack jurisdiction to consider Diallo's unexhausted challenge to the IJ's pretermission of his untimely asylum application, and dismiss the petition for review to that extent. *See* 8 U.S.C. 1252(d)(1). Although Diallo's failure to challenge the IJ's adverse credibility determination before the BIA implicates the mandatory (but non-jurisdictional) issue exhaustion requirement, *see Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007), we decline to consider his arguments.

F.3d 289, 296-97 (2d Cir. 2006), we find that the BIA's mere reiteration of these findings was insufficient to excuse Diallo's failure to challenge them.  *See Steevenez v. Gonzales*, 476 F.3d 114, 117 (2d Cir. 2007).

Diallo's failure to exhaust is fatal to his petition for review.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk